UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA L. KOPF, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware Limited Liability Company; REAL TIME RESOLUTIONS, INC., a Texas corporations; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 18-cv-185 BTM-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[ECF NOS. 4, 6]** |

Defendants Nationstar Mortgage LLC ("Nationstar") and Real Time Resolutions, Inc. ("Real Time") have filed motions to dismiss Plaintiff Wilma L. Kopf's Complaint. (ECF Nos. 4, 6). For the reasons discussed below, the Court GRANTS Defendants' motions.

**I.  BACKGROUND**

Plaintiff claims that she obtained two mortgage loans ("First Mortgage" and "Second Mortgage"), secured by real property, that were serviced by Defendants. Nationstar serviced the First Mortgage while Countrywide Home Loans, Inc.

("Countrywide") serviced the Second Mortgage. (ECF No. 1 ("Complaint") ¶¶ 6, 7). On October 7, 2011, Countrywide subsequently transferred servicing of the Second Mortgage to Real Time, who then transferred servicing to Nationstar. *Id.* ¶ 8.

On November 15, 2013, Plaintiff filed for Chapter 7 bankruptcy. *Id.* ¶ 9. On February 19, 2014, Plaintiff received a discharge from the debts that resulted from the First Mortgage and Second Mortgage. *Id.* ¶ 10. Subsequent to the discharge, Nationstar and Real Time sent Plaintiff billing statements demanding payment toward the discharged debt. *Id.* ¶¶ 11, 13. Plaintiff did not enter into a reaffirmation agreement with Nationstar or Real Time. *Id.* ¶ 15.

On January 25, 2018, Plaintiff filed her Complaint, alleging two causes of action against Defendants: **(1)** violation of 11 U.S.C. § 524(a)(2) and **(2)** violation of 15 U.S.C. § 1692. *Id.* ¶¶ 17, 27.

## II. DISCUSSION

### A. 11 U.S.C. § 524(a)(2)

11 U.S.C. § 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." Plaintiff argues that Defendants' billing statements, mailed subsequent to the discharge, violate § 524 and demands relief in the form of an injunction and damages. Compl. at 11-12. However, this Court is not the appropriate forum for Plaintiff's demands.

The Ninth Circuit has "previously ruled after significant discussion that the availability of contempt proceedings under § 105 for violation of a discharge injunction under § 524 does not create a private right of action for damages." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011)."[T]he Bankruptcy Rules require that an action for contempt arising out of the violation of an order issued in a bankruptcy case must be brought by motion in the bankruptcy

case." *Id.* at 1189; *see also Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507, 510 (9th Cir. 2002) ("we cannot say that Congress intended to create a private right of action under § 524, and we shall not imply one" because "contempt is the appropriate remedy and no further remedy is necessary").

Because Plaintiff may not litigate an alleged violation of § 524 against Defendants outside of a bankruptcy proceeding, the Court grants Defendants' motions to dismiss as to this cause of action.

**B. 15 U.S.C. § 1692, FDCPA**

Plaintiff alleges that Defendants violated §§ 1692(d), (e)(2), (e)(8), and (e)(10) of the Fair Debt Collection Practices Act ("FDCPA") "by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person," "by falsely representing the character, amount, or legal status of any debt," "by communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed," and "by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Compl. ¶¶ 35-38. However, Plaintiff's factual allegations indicate that Plaintiff's FDCPA claim is predicated on the alleged § 524 violation, as Plaintiff merely realleges, accompanied by no additional facts, the same billing statements sent by Defendants that form the basis of her § 524 cause of action. *See* Compl. ¶¶ 30, 32.

Where a "FDCPA claim is based on an alleged violation of § 524," the "simultaneous FDCPA claim is precluded." *Walls*, 276 F.3d at 510-11. "To permit a simultaneous claim under the FDCPA would allow through the back door what [a plaintiff] cannot accomplish through the front door—a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." *Id.*

at 510. To the extent that Plaintiff's FDCPA claim is based on Defendants' violation of § 524, it is precluded. *See Gadomski v. I.C. Sys., Inc.*, 2018 WL 1243579, at *4 (E.D. Cal. Mar. 9, 2018) ("A plaintiff cannot base an FDCPA claim on a violation of the Bankruptcy Code because the Ninth Circuit has rejected attempts to use the FDCPA as remedy for a Bankruptcy Code violation.").

Therefore, the Court grants Defendants' motions to dismiss on this cause of action.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss (ECF Nos. 4, 6). The Plaintiff shall have until October 1, 2018 to file an Amended Complaint only as to the FDCPA claim.

IT IS SO ORDERED.

Dated: September 18, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court